**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JOHN ROBERTS** | Case No. 3:16-CR-199 (HL) |

**ORDER**

This case came before the Court on July 26, 2017, for a hearing on Defendant's Motion to Suppress (Doc. 190) and for a pretrial conference. This Order memorializes the Court's rulings from the bench.

**I. MOTION TO SUPPRESS**

On February 14, 2016, federal agents approached Defendant John Roberts and his fiancé Kayla Phillips aboard a Norwegian Cruise Line ship in the Port of New Orleans. The agents escorted Defendant and Ms. Phillips from the ship to an area within the customs enforcement area designated for the Department of Homeland Security. Defendant moves to suppress the statements he made to the federal agents in the course of the ensuing interview as well as the evidence obtained from his cell phone. Defendant argues that the agents failed to advise him properly of his rights under Miranda v. Arizona, 384 U.S. 486 (1966) and its progeny and that the unreasonable delay between the time the agents removed Defendant from the ship and the time at which the agents presented the consent form for the search of his phone was specifically designed to wear him down and to convince Defendant to provide his consent.

Under Miranda, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444. "[I]ncriminating statements elicited from suspects in custody cannot be admitted at trial unless the suspect was first advised of his . . . Miranda rights." United States v. Salvo, 133 F.3d 943, 948 (6th Cir. 1998) (citing Stansbury v. California, 511 U.S. 318, 322 (1994)). Once a suspect has been advised of his rights, he may waive them, provided that the waiver is "voluntary, knowing and intelligent, under the totality of circumstances." United States v. Walls, 116 F. App'x 713, 717 (6th Cir. 2004). In other words, the waiver must be both "the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421 (1986). The government bears the burden of proving a valid waiver by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168 (1986).

The Government disputes that Defendant was ever taken into custody on February 14, 2016. Special Agent Sarah Perry, an investigator with the United States Army, testified that when federal agents approached Defendant and Ms. Phillips aboard the cruise ship, the agents briefly identified themselves and asked Defendant and Ms. Phillips to disembark with them. Special Agent Perry further testified that Defendant and Ms. Phillips were not required to speak with the agents and were free

to leave at any time. However, while agents specifically told Defendant and his fiancé that they were not required to speak with the agents, no one explicitly told the couple that they had the option to remain on the cruise ship and to later disembark through customary means with the remainder of the ship's passengers.

Regardless of Defendant's custodial status, the undisputed evidence shows that the agents properly informed Defendant of his constitutional right to remain silent. Special Agent Perry testified that Defendant was advised of his rights both verbally and in writing and that he willing executed a waiver form. According to Agent Perry, Defendant was remarkably forthcoming when speaking with the agents and cooperated freely. Defendant presented no evidence to the contrary. The Court accordingly finds the Government has met its burden of proving by a preponderance of the evidence that Defendant was made aware of his Miranda rights and that he knowingly and voluntarily waived those rights and **DENIES** Defendant's motion to suppress any statements given to the interviewing agents.

The Court similarly concludes that Defendant voluntarily provided consent for the agents to search his cell phone. The Fourth Amendment permits a warrantless seizure only if an individual provides valid consent. United States v. Hinojosa, 606 F.3d 875, 881 (6th Cir. 2010). A seizure "authorized by consent is wholly valid," as long as the government meets its "burden of proving that the consent was, in fact, freely and voluntarily given." Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). The consent must not be "the result of coercion, duress, or submission to a claim of authority." United States v. Lee, 793 F.3d 680, 685 (6th Cir. 2015) (citations omitted).

3

In his motion to suppress, Defendant argues that he did not provide valid consent because there was an unreasonable delay between the time he entered the interview room and the time he executed the consent form. Defendant suggests that his signature was coerced since he believed that he would be unable to leave until he acquiesced. However, the uncontradicted testimony presented at the July 26, 2017 hearing demonstrates that federal agents first approached Defendant around 7:00 a.m. as he was returning to his room from breakfast. Defendant, his fiancé, and the agents then left the ship. The agents spent approximately three hours interviewing Ms. Phillips. The evidence further shows that Defendant signed the Miranda waiver around 10:13 a.m. and the consent to search form around 10:45 a.m. The agents then met with Defendant for another three hours thereafter. Based on this timeline and the totality of the circumstances, there is no evidence to suggest that Defendant's consent to search his cell phone was anything but voluntary. The Court accordingly **DENIES** Defendant's motion to suppress the evidence obtained from his cell phone.

## II. DEFENDANT'S MOTIONS IN LIMINE

### A. Defendant's Motion in Limine No. 1

Defendant moves to exclude any evidence or testimony concerning any proffer he made on March 4, 2016. At this time, the Government does not intend to present evidence of Defendant's proffer and so does not oppose Defendant's motion. However, in the event that Defendant elects to testify at trial, the Government reserves the right to utilize Defendant's proffer for impeachment purposes.

Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. The Court will permit the Government to use Defendant's prior statements for the purpose of impeachment should Defendant testify at trial.

B.      Defendant's Motion in Limine No. 2

Defendant moves to exclude any evidence or testimony regarding the Notice of Suspension Defendant received from the Department of Defense dated October 27, 2016. The Government does not oppose Defendant's motion. The motion is **GRANTED**.

C.      Defendant's Motion in Limine No. 3

On February 14, 2016, law enforcement agents obtained consent from Kayla Phillips, Defendant's fiancé, to search her vehicle. As a part of that search, agents seized a loaded handgun, two knives, and bank records belonging to Ms. Phillips from Fifth Third Bank and U.S. Bank. Defendant moves to exclude any evidence or testimony regarding these items. The Government does not contest the motion as it relates to the weapons. However, the Government opposes the exclusion of Ms. Phillips' bank records, which the Government suggests may implicate any knowledge she may have of Defendant's conduct as it relates to this case.

Defendant's motion is **GRANTED** as to the handgun and two knives. The Court **RESERVES** ruling as to the bank records and will wait to see how the evidence unfolds at trial.

D. Defendant's Motion in Limine No. 4

Defendant moves to exclude any alleged statement he that he was willing to cooperate with investigators, which he purportedly made during his interview with law enforcement agents on February 14, 2016. Defendant's motion is **DENIED**.

E. Defendant's Motion in Limine No. 5

On February 11, 2016, law enforcement agents conducted a search of Defendant's detached garage. During that search, agents seized the following firearms:

1. Taurus 410/45 gun; S/N: EU483050

2. Belgium PS90; S/N: FN067031

3. SKS or AK; S/N: M85P002256

4. SHTLE 1916 Bolt action rifle; S/N: 422

5. Lever action 22; S/N: 5311725

6. MODAR15; S/N 07182

7. Harrington and Richardson; S/N: 2112

8. Ruger; S/N: 0001-28611

Defendant moves to exclude any evidence or testimony pertaining to these items. The Government does not oppose Defendant's motion. The motion is **GRANTED**.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Suppress (Doc. 190). The Court **GRANTS IN PART**, **DENIES IN PART**, and **RESERVES RULING** in part Defendant's motions in limine (Docs. 167-170, 171).

**SO ORDERED** this 10thth day of August, 2017.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE,**
**sitting by designation**