UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:16-CR-00199-1 |
| ) | JUDGE RICHARDSON |
| [1] JOHN ROBERTS ) | |
| ) | |

CONSENT ORDER OF FORFEITURE CONSISTING OF $612,933
UNITED STATES CURRENCY MONEY JUDGMENTS AS TO COUNTS ONE THROUGH
EIGHT, ELEVEN, THIRTEEN, SIXTEEN,
TWENTY-TWO AND TWENTY-THREE

Pursuant to Fed. Rule Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant's consent, the jury's conviction of Defendant John Roberts as to Counts One through Eight, Eleven, Thirteen, Sixteen, Twenty-Two and Twenty-Three of the Indictment, the fact, evidence and pleadings presented in this case, the Court finds as follows:

**WHEREAS,** on October 5, 2016, a federal Grand Jury returned a Twenty-Five Count Indictment charging Defendant John Roberts, in pertinent part, at Count One with violation of 18 U.S.C. § 371 (conspiracy to convert public property); at Counts Two through Eight, Eleven, Thirteen, and Sixteen with violations of 18 U.S.C. § 1343 (wire fraud); and at Count Twenty-Two and Twenty-Three with violations of U.S.C. § 2278 (violation of the arms control act);

**WHEREAS,** the Forfeiture Allegations of the Indictment gave notice, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that upon conviction of any one of Counts One through Twenty-Four (conspiracy to commit theft of public property, wire fraud and/or violations of the arms control act), Defendant John Roberts would be required to forfeit any property which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Sections 371, 641 or 1343 or Title 22, United States Code, Section 2778 (arms export control act

violation) including but not limited to a money judgment in an amount to be determined, representing the amount of proceeds obtained as a result of such offense(s);

**WHEREAS,** the Forfeiture Allegation of the Indictment also gave notice to Defendant that in the event of the property described in these Forfeiture Allegations, as a result of any act or omission of Defendant John Roberts:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and that it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of Defendant John Roberts up to the value of said property listed above as subject to forfeiture;

**WHEREAS,** on August 31, 2017, a jury found Defendant guilty, in pertinent part, to Counts One through Eight, Eleven, Thirteen, Sixteen, Twenty-Two and Twenty-Three of the Indictment;

**WHEREAS,** the parties agree that

    1)    Defendant Roberts sold items stolen from the United States Army on eBay.

    2)    Defendant Roberts had four separate eBay accounts – jroberts261, starsandstripes1789, metalandcamo, and judyoverstock.

    3)    Defendant Roberts has provided an analysis of the amount of funds he received from the sold items on eBay reflecting an amount of $612,933 United States currency and Defendant admits to receiving $612,933 United States currency in illegal proceeds over and above any items recovered by the United States.

4) The proceeds of Defendant Robert's crimes are dissipated, and Defendant Roberts, through his own acts or omissions is unable to provide the proceeds or ~~are~~ direct the United States to the location of the proceeds.

[handwritten margin note: ER or]

**WHEREAS** as a result of Defendant John Roberts' act(s) or omission(s), the $612,933 in proceeds of the offense(s) of conviction:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be divided without difficulty, and

5) that, pursuant to the Forfeiture Allegation contained in the Indictment in this matter and 21 U.S.C. § 853(p), a Consent Order of Forfeiture Consisting of $612,933 United States Currency Money Judgments as to One through Eight, Eleven, Thirteen, Sixteen, Twenty-Two and Twenty-Three should enter.

**WHEREAS**, Defendant had notice and opportunity to be heard concerning the forfeiture sought by the United States, and there is a preponderance of the evidence that the forfeitable proceeds the defendant obtained directly or indirectly as a result of his crimes of conviction are $612,933.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. A Consent Order of Forfeiture Consisting of Money Judgments in the amount of $612,933 as to Counts One through Eight, Eleven, Thirteen, Sixteen, Twenty-Two and Twenty-Three of the Indictment ("Consent Order of Forfeiture") is hereby taken against Defendant John Roberts. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the defendant, and shall be

3

made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B.  Specific property in the form of direct proceeds of the offense(s) and proceeds traceable thereto and any substitute assets of defendant shall be forfeited, up to the total amount of $612,933 by entry of a subsequent preliminary order of forfeiture against the defendant as to the direct proceeds, proceeds traceable thereto or substitute property without regard to any third party interest. Pursuant to Fed. R. Crim. P. 32.2(c), any determination of third party interest in such property will be deferred until an ancillary proceeding.

C.  The United States may engage in discovery, without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission or mitigation.

D.  The United States is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Order of Forfeiture in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

E.  The United States Probation and Pretrial Services shall provide Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

F.  The Internal Revenue Service shall provide Defendant's tax returns to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery for the years 2019 through the duration of the full payment of the Order of Forfeiture.

G.  Upon payment of any one Money Judgment in full, the United States shall file a satisfaction of judgments as to the Consent Order of Forfeiture with the District Court and the

4

appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

H. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $612,933 plus statutory interest is made in full as to either money judgment.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 7th day of May, 2020.

*Eli Richardson*
ELI J. RICHARDSON
United States District Judge

Approved for entry:

s/David L. Cooper
David L. Cooper, Esq.
Attorney for Defendant John Roberts


s/Sarah K. Bogni
Sarah K. Bogni
Assistant United States Attorney